## L'Amoureux *vs.* Van Rensselaer and wife and others.

A trust to receive the rents and profits of real estate, or the interest or income of the proceeds of such estate, comes within the 63d section of the article of the revised statutes relative to uses and trusts. (1 *R. S.* 730.) And the cestui que trust cannot assign, dispose of, or in any manner mortgage or pledge his interest in the trust property, or in the future income thereof; nor can he contract any debt which will create a lien upon such future income, so as to authorize a creditor to reach it by any proceeding either at law or in equity.

As a feme covert cannot create a debt which will be binding upon her personally, her interest in such future rents and profits cannot be reached under the provisions of the 57th section of the article of the revised statutes relative to uses and trusts.

After a creditor of a cestui que trust has exhausted his remedy at law, by execution against the property of his debtor, he may, by a creditor's bill, reach the surplus of such debtor's interest, in the rents and profits or income of property which the cestui que trust cannot alienate and dispose of in anticipation; so as to satisfy the judgment out of that part of the income which is not necessary for the education and support of the cestui que trust, from time to time.

But as a feme covert cannot pledge or create a charge upon her interest in such a trust, in anticipation of the income which may thereafter accrue, or become payable to her, and as she cannot contract a personal liability upon which a judgment can be recovered, her interest, even in the surplus income which is not necessary for her support, cannot be reached except for a debt contracted before marriage.

In all the trusts authorized by the revised statutes, the whole estate, both legal and equitable, is vested in the trustee. The cestui que trust takes no estate or interest in the land; but may enforce the performance of the trust in equity.

The cestui que trust has no right to charge the trust property, even for necessary repairs thereon, without the assent of the trustee. Nor can the trustee himself do so, except so far as he is authorized by the terms of the trust.

THE bill in this cause was filed to charge the separate estate of a feme covert, in the hands of her trustee, with the amount of an order drawn upon the trustee, by her husband, in her name. The bill was taken as confessed against all of the defendants, and the case was submitted by the complainant for a decree. The questions presented by the bill were, whether the feme covert could charge her trust estate in anticipation, under the provisions of the revised statutes; and whether the order drawn in her name, by her husband, was in conformity with the provisions of the trust deed; which prescribed the manner in which the trustee was to pay over the proceeds and income

of the property, so far as the feme covert was entitled to the same.

*J. L'Amoureux*, complainant, in person.

THE CHANCELLOR.   The bill states that the consideration of the order was repairs, which had been done by another person, on the real estate of Catharine W. Van Rensselaer, then in her occupation, use and enjoyment, with the assent of her husband, and for her use, benefit and convenience.   But it is not alleged that the real estate upon which such repairs were made was any part of the trust property originally conveyed to Mr. Rhoades in trust, and now held by Phelps as the substituted trustee.   And from the peculiar phraseology of the part of the bill in which the consideration of the order is stated, I am inclined to think the real estate upon which such repairs were made, could not have been any part of the estate which had descended to Mrs. Van Rensselaer as one of the heirs of B. Bleecker; mentioned in the deed of trust.   Such repairs, therefore, could not in themselves have constituted an equitable lien upon this trust property in the hands of the substituted trustee.

The trust deed embraced some property which came to Mrs. Van Rensselaer from other sources.   But as the order is to pay the complainant out of her proportion of the estate of B. Bleecker, deceased, it is only necessary to examine the provisions of the trust deed as to what was coming to her from that source.   Indeed there is no allegation in the bill that any part of the personal estate of B. Bleecker, embraced in the trust deed, remained in the hands of the trustee at the time of the commencement of this suit, or that it had not all been disposed of, pursuant to the directions of the trust, before the order in favor of the complainant was drawn.   The only charge in the bill in relation to the existence of any of the trust property, is, that subsequent to the substitution of Phelps as trustee, the real estate of B. Bleecker, deceased, was partitioned by a decree in chancery, among the heirs; and that there was set off to Mrs. Van Rensselaer, or to the trustee, for her share, real estate in Albany, and elsewhere in

this state, exceeding $10,000 in value; which real estate is now held by the trustee in severalty, for the purposes, and subject to the uses and trusts, mentioned in the deed of trust originally executed by Van Rensselaer and wife to Rhoades as trustee.

The deed of trust purported to convey the real and personal estate absolutely to the trustee, upon trust to take and receive the personal property coming from the estate of B. Bleecker, deceased, as the share of Mrs. Van Rensselaer, when the same should be distributed in due course of administration, and to take possession of her share of the real estate, whenever the same should be partitioned among the heirs, or to receive and invest her share of the proceeds thereof; and from time to time to receive the rents, profits, and the interest, income and dividends of such real and personal estate, and after paying out of the same all repairs, premiums of insurance, taxes, assessments, and expenses chargeable thereon, and commissions of the trustee, to pay over the residue thereof to Mrs. Van Rensselaer, for her sole and separate use, and upon her separate receipt or order, or by a check payable to her order, free from the *debts, control, engagements, or interference of her husband ;* and so as not to be subject to any contracts made by, or to any judgments or executions against him.

It is very evident that this trust to receive the rents and profits of real estate, or of the proceeds of such estate in case it should be necessary to sell the lands for the purpose of making a partition, comes within the letter as well as the spirit of the sixty-third section of the article of the revised statutes relative to uses and trusts. (1 *R. S.* 730.) The cestui que trust could not therefore assign, dispose of, or in any manner mortgage or pledge her interest in the trust property, or in the future income thereof; nor could she contract any debt which would create a lien upon such future income, so as to authorize the creditor to reach such income by any proceeding, either at law or in equity. And as a feme covert cannot create a debt which will be binding upon her personally, her interest in such future rents and profits cannot be reached under the provisions of the fifty-seventh section of that article of the revised statutes. For if she was permitted to pledge the

income of the trust estate, in anticipation, the whole benefit intended to be secured to an improvident cestui que trust, by the sixty-third section, might be defeated. The effect of the fifty-seventh and sixty-third sections, taken together, is, that after the creditor of the cestui que trust has exhausted his remedy at law, by execution against the property of his debtor, he may, by a creditor's bill, reach the surplus income of such debtor's interest in rents and profits or income of property which the cestui que trust cannot alienate and dispose of in anticipation; so as to satisfy the judgment out of that part of the income which may not be necessary from time to time for the education and support of the cestui que trust. But as a feme covert cannot pledge or create a charge upon her interest in such a trust, in anticipation of the income which may thereafter accrue or become payable to her, and as she cannot contract a personal liability upon which a judgment can be recovered, her interest, even in the surplus income which is not necessary for her support, cannot be reached except for a debt contracted before marriage.

Previous to the adoption of the revised statutes a trustee might hold the mere naked legal estate in real property, for a feme covert, while the whole equitable interest and estate therein was in her, and subject to her control. In relation to such an estate, therefore, she was considered as a feme sole, and could charge her equitable interest in the property with any debt she might think proper to contract on the credit thereof, which was not inconsistent with the trust or with the nature of her interest in the premises, and which was authorized by the instrument or conveyance creating the trust. All such mere formal trusts, even in favor of femes covert, are now abolished. And in the few trusts which are authorized by the revised statutes, the whole estate, both legal and equitable, is vested in the trustee. The statute also declares, in terms, that the person for whose benefit the trust is created, shall take no estate or interest in the land; but may enforce the performance of the trust in equity. (1 *R. S.* 729, § 60.) The cestui que trust, therefore, has no right to charge the trust property, even for necessary re-

pairs thereon, without the authority of the trustee. Nor can such trustee himself do so, except so far as he is authorized by the terms of the trust. And in this case, as I have before remarked, it is not alleged in the bill that the repairs for which this order was given were made upon any of the real property embraced in the trust.

As the bill does not show a case entitling the complainant to any relief as against the trustee, or the trust property which such trustee holds for the benefit of Mrs. Van Rensselaer, the bill must be dismissed; but without prejudice to his remedy at law, if he has any, to obtain payment of his debt.