CAROLINE WEAVER v. PHŒBE VAN AKIN, IMPLEADED WITH EDWIN HADLEY.

[See 71 Mich. 69.]

*Equity—Pleading—Multifariousness—Demurrer—Trusts—Settlement of estate in probate court.*

1. Where one of two beneficiaries under a trust in their favor in a will refuses to join as a complainant in a bill to enforce the trust, such beneficiary is properly and necessarily made a party defendant.

2. Where the only living beneficiaries of a trust are of full age, and capable of settling with the trustee, or among themselves, without the intervention of the probate court, a bill to close said trust, and compel a conveyance by the trustee to the beneficiaries of the land devised to him in trust for them, filed seventeen years after the death of the testatrix, need not show that her estate has been settled in the probate court.

3. This case is supplemental to *Weaver v. Van Akin*, 71 Mich. 69; the bill being filed to enforce a trust in favor of the complainant and defendant Van Akin, and for an accounting by the trustee, Hadley; and the Court hold that the bill makes a case for equitable relief, and affirm the decree below overruling the demurrer of the defendant.

Appeal from Lenawee. (Lane, J.) Argued October 15, 1889. Decided November 8, 1889.

Bill filed to enforce a trust. Decree overruling

demurrer affirmed. The facts are stated in the opinion.

*L. R. Pierson* (*Richard A. Watts*, of counsel), for complainant, contended:

1. It will be seen from the statements in the bill that the entire title to the Hudson farm is in the trustee, Hadley; citing How. Stat. § 5578; *Noyes v. Blakeman*, 6 N. Y. 567-569; *Weaver v. Van Akin*, 71 Mich. 69; but the beneficiaries may enforce the trust in a court of equity; citing How. Stat. § 5578; *Noyes v. Blakeman*, 6 N. Y. 567-569.

2. Phœbe Van Akin was necessarily made a defendant, she having refused to join as a complainant; citing *Waldo v. Waldo*, 52 Mich. 91; she is directly connected with and has an interest in every allegation of the bill, and cannot raise the question of multifariousness; citing Story, Eq. Pl. §§ 271—271b, 544.

3. There is only one subject-matter. The relief asked for is not inconsistent or incongruous, hence proper for one suit; citing Story, Eq. Pl. §§ 278a, and note, 530-540; *Storrs v. Wallace*, 54 Mich. 112.

4. If the bill states a case entitling complainant to any relief, the demurrer must be overruled; and it is not essential that all of the relief prayed for be granted; citing *Cochrane v. Adams*, 50 Mich. 16; *Wilmarth v. Woodcock*, 58 Id. 482; *Darrah v. Boyce*, 62 Id. 480; *Carney v. Carney*, 63 Id. 382; *Glidden v. Norvell*, 44 Id. 206; *Hoffman v. Ross*, 25 Id. 175; *Clark v. Davis*, Har. Ch. 227.

5. This Court has held that, at the time the deed was executed by complainant to defendant Van Akin, complainant had no interest or title which she could convey; citing *Weaver v. Van Akin*, 71 Mich. 69; hence the deed, as alleged in the bill, is wholly void; citing *Noyes v. Blakeman*, 6 N. Y. 567-569.

*A. L. Millard* and *John Whitbeck*, for defendant Phœbe Van Akin, contended:

1. The bill has two principal objects,—

a—To set aside a deed made by complainant to her daughter, Phœbe Van Akin, of her interest in the Hudson farm.

b—To compel the defendant Hadley to execute his trust and close the same by conveying the farm in equal shares to complainant and her said daughter.

These objects are distinct and irrelevant, and the bill is therefore multifarious; citing *Taylor v. King*, 32 Mich. 42; *Woodruff v. Young*, 43 Id. 548; *Winslow v. Jenness*, 64 Id. 84; Story, Eq. Pl. § 276.

2. The bill makes no case for relief. The general statement that the will of Paulina Fish was duly admitted to probate, and the administration of the estate duly committed to Hadley, are conclusions and not statements of the facts which should appear by the bill. There is nothing to show that the time for proving debts against the estate has expired, or whether commissioners have been appointed; and under the statute it is never too late to prove debts until the estate is finally closed in the probate court; citing How. Stat. § 5894; and the bill shows no such settlement.

Morse, J. The complainant filed her bill of complaint in the circuit court for the county of Lenawee, to which the defendant Phœbe Van Akin interpősed a general demurrer for want of equity, and also that the bill was multifarious, in that she was joined with the defendant Hadley for distinct matters and causes, in which, as appears by the bill, the said defendants have no common interest, and in one or more of which one of said defendants is not in any manner interested or concerned. The demurrer was overruled in the court below. Defendant Van Akin appeals.

The allegations of the bill, in substance, are that Paulina Fish, a resident of Adrian, Lenawee county, Michigan, died September 5, 1872, leaving a last will and testament, providing:

"First, after the just payment of all my debts and funeral expenses, all of the remainder of my estate, both real and personal, of whatsoever name or nature, I give, devise, and bequeath to Edwin Hadley, of the city of Adrian, Lenawee county, Michigan, for the following purposes, viz.: To be held in trust by him, said Hadley, until my niece, Phœbe Fish, shall have become twenty-one years old. Then all my estate, both personal and real, and of whatsoever name or nature, so held by said Edwin Hadley in trust, shall be conveyed by him, said Edwin Hadley, to my two nieces, said Phœbe Fish and Caroline Hertzler, in equal parts.

"But said trust of said Hadley, and said devise and convevance to my said nieces, are and shall be expressly

subject to and governed by the following requirements, namely: That said Hadley, during his trusteeship, shall apply and devote, from the rents, profits, and issues of my farm in Hudson township, Lenawee county, Michigan, viz., the south-east quarter of section number 19, in said township, so much as may be necessary towards and for the comfortable support of my sister Betsy A. Vining; and, on my said farm becoming vested in said nieces when said Phœbe shall become twenty-one, then said farm in Hudson, above described, shall be held by them subject to the above described provisions for my said sister, and shall be so held by them as long as she, my said sister, shall live.

"I hereby further direct that said trustee shall, during his said trusteeship, attend to the interest and affairs of my estate in a diligent manner, and that on said Phœbe Fish becoming twenty-one he shall, as before expressed and directed, after the discharge of such dues as may be against my estate, convey and transfer all to my said nieces, with my said farm in Hudson, subject to the above described provision in regard to my said sister Betsy A. I further direct that, in case of the death of either of my said nieces before said Phœbe shall become twenty-one, then the survivor shall have the whole of my said estate.

"Lastly, I direct that after my death said trustee shall, as soon as possible, collect all notes, accounts, and demands due me, and pay all just claims against my estate. And, further, I direct that in case either of my said nieces shall become actually needy and suffering for want, that then said trustee shall, from any part of my estate, advance sufficient to relieve them, and prevent any suffering from want. That, after so doing, said trustee securely invest any balance there may be, if any, until said Phœbe shall become twenty-one years old."

That said will, on October 7, 1872, was duly probated, and that said Hadley accepted the trusts created by said will, and entered upon the same; that, as such trustee, he took possession of all the property, including said Hudson farm, and controlled the same, and received the rents thereof, from the death of said Paulina Fish until in the year 1878; that the complainant, then Caroline

Hertzler, has married since the death of said Paulina Fish, and is now Caroline Weaver, and that Phœbe Fish has also married, and is now Phœbe Van Akin; that Betsy A. Vining died January 6, 1875; that Phœbe became of age in October, 1875.

That the said Paulina Fish was, as appears by the files and records of the probate court, and as complainant is informed, not indebted in any sum to any person at the time of her death; that no debts were ever proven against her estate; that said Hadley never rendered any account of his doings under such appointment to the probate court, or to complainant, or to said Phœbe; that he appropriated the personal property of said estate, and certain portions of the rents and profits of the real estate, to the support of the said Betsy A. Vining, and furnished small amounts to complainant and Phœbe

That the Hudson farm was inventoried and appraised as part of the assets of said estate at $8,000; that said Hadley has never rendered any account as such trustee to any one, nor made any settlement of said trust, nor made any transfer or conveyance of said real estate to complainant or Phœbe, or either of them; that he has fled from the State, and is now a fugitive from justice, and his whereabouts are unknown.

That, before leaving the State, the said Hadley fraudulently concocted a scheme to injure and defraud the complainant and Phœbe, who reposed full confidence in him, pretending and representing to them that there were certain persons who were making false and fraudulent claims to the property of the estate, to avoid and defeat which the said complainant and Phœbe, under Hadley's direction and advice, made certain exchanges and transfers of title to said farm and other property between themselves; among others, the said Phœbe made a deed of her interest in the Hudson farm to her mother, the said complainant, before

said Phœbe became of age; that afterwards, and after said Phœbe became of age, said Hadley represented to them that it would be necessary to raise $2,250 to be used in settling said pretended claims against the farm; and being ignorant of business matters, and having implicit confidence in Hadley, and believing what he told them, the complainant executed a mortgage upon said Hudson farm to one Elihu L. Clark, now deceased, which said Hadley took and delivered to said Clark, and received therefor the said sum of $2,250; that complainant had nothing to do personally with obtaining said loan or receiving said money, except her execution of the mortgage.

"But complainant says and shows to the court that neither she nor said Phœbe ever had any use or benefit of any of the moneys so delivered to said Hadley upon the execution of said mortgage; that in fact the said Hadley, as your oratrix believes and charges to be true, converted the whole thereof to his own use; that there were no such claims nor any persons pretending to have any claims against said estate; that said pretended claims were manufactured by said Hadley for the purpose of enabling him to frighten complainant and said Phœbe, and more easily impose upon and defraud them; that the whole proceeding was a scheme on his part for that purpose; though complainant always believed that Hadley appropriated said moneys for the use of herself and said Phœbe until about the year 1883."

That afterwards, in 1877, said Hadley, in further pursuance of his fraudulent scheme, advised further transfers and retransfers of their property between said complainant and Phœbe for the same pretended purpose of defeating said pretended claims aforesaid; that in pursuance of such advice the complainant reconveyed to Phœbe the undivided half of the farm which Phœbe had before then deeded to her, and on the day following complainant made another deed to Phœbe of complainant's undivided half of the farm, under the direction of Hadley, who also had

77 MICH—38.

Phœbe convey to complainant three lots in the city of Adrian; that the expressed consideration of these deeds was $4,500, exchange of notes and personal property, but in fact complainant received no consideration for this deed of her interest to Phœbe, though it was provided in said deed that Phœbe should pay the Clark mortgage of $2,250; that the title of said lots in Adrian was not then in Phœbe, nor did she have any ownership or interest therein, but complainant at the time believed that Phœbe had a complete title to them, and that they were worth from two to four thousand dollars; that complainant does not know what became of said conveyances, but thinks they were left with Hadley, to make such use as he desired of them.

That the mortgage to Clark was never paid; that Clark took proceedings to foreclose the same by advertisement, and bid off the premises for the amount due; that the land was not redeemed; that after the expiration of the time for redemption Clark sold and quitclaimed the premises to Norman Weaver, the husband of complainant, who soon thereafter filed a bill in chancery in the court below against said Phœbe and said Hadley, for the purpose of testing the validity of said mortgage and said foreclosure proceedings; that neither the complainant nor said Hadley appeared in the cause, Hadley being then and still absent, and a fugitive from justice, on account of frauds perpetrated by him on his clients, he being an attorney at law; that Phœbe appeared and demurred to said bill; that said proceedings so commenced by said Norman Weaver have been pending until within a few weeks last past, when it was finally decided by the Supreme Court of this State that said mortgage, and all proceedings to foreclose it, were void, and that no title passed thereby. See *Weaver v. Van Akin,* 71 Mich. 69 (38 N. W. Rep. 677).

That since said decision the complainant has applied to the said Phœbe Van Akin, and requested her to reconvey to complainant her undivided half of said Hudson farm, and at the same time offered to reconvey to the said Phœbe the three lots in Adrian, but said Phœbe has refused said request, and declined to do anything further about the matter.

That Phœbe has occupied said farm since 1878, and now occupies the same, and has had the use and profits thereof all that time, and has never accounted, or offered to account, to complainant for the same, or any part thereof, and refuses so to do; that she also requested the said Phœbe to join with her in an application to the court of chancery to compel said Hadley to perform his trust, and close the same, and to deed said property, devised to them by said Paulina Fish, to said complainant and to said Phœbe, in accordance with the terms of his trust, which request the said Phœbe also declined and refused to comply with.

She charges that her deed to Phœbe was without consideration, and wholly void and of no effect, except as a cloud upon her title and interest in said land. She therefore prays that said deed may be declared void, and that Phœbe be required to execute and deliver to her a release and quitclaim of said undivided interest,—

"And that she account to complainant for the use of said undivided half during the time that she has had the possession and benefit thereof. Complainant further prays that said Edwin Hadley be required by the order of this court to at once render an account of his trust, and to close the same, and to convey to this complainant and the said Phœbe, in equal undivided shares, the said south-east quarter of section 19, aforesaid, and to fully perform his trust in accordance with the terms thereof. And that in default of the said Edwin Hadley complying with such order forthwith, that this court may make a decree declaring said trust closed, and the title of said property

passed and to be in complainant and said Phœbe, in accordance with the terms of said will; and that complainant may have such other and further relief as may be in accordance with justice and good conscience."

We are all agreed that the bill sets out an equitable claim for relief both against Hadley and Phœbe Van Akin. If the bill be taken as true, then Hadley has grossly violated his trust. The time within which he should have performed it has long since passed, and there is no reason why it should not long ago have been closed, and the land conveyed to the beneficiaries, complainant and Phœbe Van Akin, except the fact that Hadley has fled the State. As it is, the complainant can have relief only in equity. She has requested Phœbe to join with her, which Phœbe has refused to do; consequently she is properly and necessarily made a party defendant.

Under the case made by the bill, both complainant and Phœbe were grossly deceived by Hadley, in whom they reposed the most implicit trust and confidence. Phœbe, however, has by the fraud and deception of Hadley been placed in a position of undue advantage over her mother. She has been and is now in possession of the farm, one-half of which, under the will, the complainant is entitled to. If Phœbe is not willing to join with her mother in bringing this trust to a close by the only means that can be employed, and is unwilling to restore to her mother the rights and interests of the complainant which she has obtained by the deception and fraud of Hadley, and his violation of his trust under the will,—in other words, to restore to her mother her own,—a court of equity ought to, as speedily as possible, compel her to do so.

A great many technical defects are urged here against this bill, which should have been pointed out by special demurrer, and we need not notice them on this appeal. Such a clerical mistake, for instance, as writing in the

bill "Caroline Fish" for "Paulina Fish" would be amended in the court below as a matter of course, as soon as the same was pointed out.

We do not think it necessary that the bill should show that the estate has been settled in the probate court. The only living beneficiaries of the trust are complainant and Phœbe Van Akin, who are adults, and capable of settling with the trustee or among themselves, without the intervention of the probate court. It is now seventeen years since the death of Paulina Fish, and it is well to be surmised that, if she was owing anything at the date of her demise, the creditors have been long since satisfied, or they would have made some move to collect their claims.

If the defendant Hadley should appear and show that all the other property save this Hudson farm had been legitimately expended by him in the performance of his trust, and that the estate was indebted to him so that the whole of the Hudson farm ought not to be conveyed by him to the beneficiaries, it would not defeat the complainant's prayer for relief under her bill. She would be still entitled to her interest in the farm, or her share of the proceeds left after paying the legal expenditures of the trust, if the farm was forced to a sale under the trust, and in order to perform it. But the will did not provide for any sale of the farm, and the testator evidently did not expect that any such emergency would arise, and from the showing in the bill we are not warranted in supposing that it may happen.

The argument of defendants' counsel that when the trust is closed there may be no land to convey to her; based upon the idea that there must be a settlement of the estate in the probate court before the trust can be closed, and that, therefore, claims against the estate may

yet eat up the land, cannot prevail against the equity of the bill as above shown.

We do not express any opinion as to whether or not the defendant Phœbe should account for the rents and profits of the farm since 1878.   This would depend on the proofs as to the nature and circumstances of her occupation of it.   There are not facts enough set up in the bill to enable us to determine complainant's rights in this respect, but this does not go to the whole equity of the bill, as, under her showing, she is entitled to other relief against Phœbe.

The decree of the court below overruling the demurrer is affirmed, with costs.   The defendant Phœbe Van Akin will be allowed 20 days in which to answer in the court below, if she so desires.

The other Justices concurred.