EDITH A. McBRIDE v. EMMA A. McINTYRE ET AL.

*Trusts and trustees—Accounting—Parties—Jurisdiction—Estoppel.*

1. This case is ruled by *Weaver v. Van Akin,* 77 Mich. 588, and *Wooden v. Kerr,* 91 Id. 188.

2. The probate court has no jurisdiction to order an accounting by a trustee in a will, the chancery court being the proper tribunal for that purpose.

3. A trustee under a will, who has received the whole or any part of the trust fund, and treated it as such, is estopped, when called upon to account by the *cestui que trust,* from asserting that he has not formally accepted the trust.

4. An executor who has settled the estate, and turned over all of the property to the parties interested, is not a necessary party to a bill filed against a trustee named in the will for an accounting.

Appeal from Washtenaw. (Kinne, J.) Argued April 7, 1892. Decided April 22, 1892.

Bill for an accounting. Complainant appeals. Decree reversed, and case remanded, with leave to answer. The facts are stated in the opinion.

*Randall & Corbin (Thompson & Harriman,* of counsel), for complainant.

*A. J. Sawyer* and *J. C. Knowlton,* for defendants, contended:

1. Nothing is shown by the bill which, under our statutes and probate practice, charges Mrs. McIntyre as trustee.[1]

2. Complainant has an adequate remedy in probate court, where the executor can be cited to account for his doings, and he or his sureties must answer; citing How. Stat. §§ 5817, 5820, 5957, 5960; *Hall v. Grovier,* 25 Mich. 435; *In re Rathbone's Estate,* 44 Id. 57.

3. In matters involving an estate in probate, the chancery court

---

[1] See briefs in *Wooden v. Kerr,* 91 Mich. 188, on this point.

has jurisdiction only in those cases in which an adequate remedy does not exist in the probate court. An executor cannot be called to an account in equity, and under our laws all accounts pertaining to the settling of decedents' estates must be rendered there; citing *People v. Wayne Circuit Court*, 11 Mich. 393; *Holbrook v. Campau*, 22 Id. 288; *Pitcher v. Douglas*, 37 Id. 339.

4. Admitting all of the charges of the bill to be true, still the probate court has jurisdiction to direct the payment of the legacy, and to enforce it, and there is therefore an adequate remedy at law; citing How. Stat. chap. 248; *People v. Wayne Circuit Court*, 11 Mich. 393; *Green v. Probate Judge*, 40 Id. 244; *Dickinson v. Seaver*, 44 Id. 629; *Church v. Holcomb*, 45 Id. 29; *Perrin v. Calhoun Circuit Judge*, 49 Id. 342; *Morford v. Diffenbacker*, 54 Id. 605; *Grady v. Hughes*, 64 Id. 550; *Schlee: v. Darrow's Estate*, 65 Id. 363; *Buss v. Buss' Estate*, 75 Id., 163; *Byrne v. Hume*, 84 Id. 185, 86 Id. 546; *Riggs v. Cragg*, 89 N. Y. 479, 492.

GRANT, J. The bill in this case was filed for an accounting against Emma A. McIntyre as trustee. The other defendants are made parties on the ground that they are in possession of some of the trust funds.

One Joseph Shaw died in 1876, testate, leaving three children, the defendants, and one granddaughter, the complainant. He appointed one Dwight Hunt as executor. The bill sets forth a provision of the will by which $1,000 was bequeathed to Emma Shaw, now Emma A. McIntyre, in trust for complainant, to be paid to her upon her marriage, or upon attaining the age of 21 years. The bill alleges that the will was duly probated; that Hunt was appointed executor; that he fully administered the estate, except paying the amount of the legacy; that he has none of the property of the estate in his hands; that it has all been turned over to the defendants; that the defendants are the sole persons interested in the estate; that said Emma A. McIntyre did not formally in writing accept the trust, but that she did in fact accept such trusteeship, has received from

the other defendants large sums of money to hold in trust for the use and benefit of complainant, and to pay, satisfy, and discharge such legacy, and that she has at various times, as such trustee, • paid to complainant $401 as a part of the accumulated interest upon said legacy.

The bill prays for an accounting, and that defendant Emma may be directed to pay such amount as may be found due and payable from her as trustee; that the defendants may be directed and required to pay such balance to her; and that, in the event of default, the real and personal property constituting the estate of said Shaw, deceased, and which was charged by his will with the payment of said legacy, be sold, and the legacy paid out of the avails. It contains also a prayer for general relief.

To this bill the defendants demur, alleging that the executor was a necessary party, and that complainant has an ample remedy in the probate court.

The demurrer was sustained.

We think this case is clearly within the rule of *Weaver v. Van Akin*, 77 Mich. 588, and *Wooden v. Kerr*, 91 Id. 188.

If the defendant Emma A. McIntyre has received any of the trust fund created by the will, the probate court has no jurisdiction to order her to an accounting. A court of chancery is the proper tribunal for that purpose. In such case she would be estopped to assert that she had not formally accepted the trust. It is sufficient to hold her, if such fund, or any part thereof, has come into her possession, and she has treated it as a trustee.

The other codefendants, under the allegations of the bill, are proper parties. To what extent, if at all, they shall be held liable, will depend upon the proofs.

The executor is not a necessary party, even if he were

within the jurisdiction of the court; but the bill alleges that he has removed from the State. But in no view of the case is it necessary to bring him in. Under the allegations in the bill he has settled the estate, and turned the property all over to the parties interested. What decree, therefore, could be entered against him?

It is true that the allegations of the bill might very properly have been more specific, but we think they are sufficient to entitle the complainant to an answer and a hearing.

The decree must be reversed, with costs, and the case remanded for further proceedings, with leave to answer according to the rules and practice of the court.

The other Justices concurred.