EDITH A. MCBRIDE v. EMMA A. MCINTYRE ET AL.

[See 91 Mich. 406.]

*Trust—Accounting—Parties—Tender—Interest.*

A testator, after providing for the payment of $1,000 to one of his daughters in trust for his granddaughter, devised and bequeathed● the remainder of his estate, including sufficient personal property to pay the legacy, to the trustee and her two sisters. The devisees were given full control of the estate by the executor, who administered the will without paying the

legacy. The devisees paid $430 to the trustee to apply on the legacy, and she placed it at interest pursuant to the directions of the will. The devisees afterwards paid the trustee, in several payments, the sum of $411, which several sums she paid to the granddaughter as she received them. The trustee tendered to the granddaughter the $430 with accrued interest, and she refused to accept the tender, and filed a bill against the trustee and her co-devisees for an accounting. And it is held:

*a*—That the co-devisees were proper parties, and that an accounting might be had with them in said suit.

*b*—That the trustee was not chargeable with interest on the $430 after the date of the tender.

*c*—That the defendants should jointly account for the legacy, less the amounts paid to the trustee; that, in arriving at the amount due from them jointly, they should be charged with legal interest on the $1,000 up to the time of the payment of the $430; that the $430 should be deducted from said principal and interest; that legal interest should be computed on the new principal down to the date of the decree; that there should be deducted from the amount thus arrived at the $411, with legal interest on the several sums entering into said amount from the dates of their payment, respectively, down to the date of the decree; and that the remainder would be the amount which the complainant should recover against the three defendants.

Appeal from Washtenaw. (Kinne, J.) Argued April 10, 1894. Decided May 18, 1894.

Bill for an accounting. Complainant appeals. Decree modified and affirmed. The facts are stated in the opinion, and in 91 Mich. 406.

*Randall & Corbin* (*Thompson & Harriman*, of counsel), for complainant.

*A. J. Sawyer* and *J. C. Knowlton*, for defendants.

LONG, J. This case was in this Court upon demurrer at the April term, 1892, and is reported in 91 Mich. 406. The demurrer was overruled, with leave to answer. Complainant's claim under the bill was fully set out in the

former opinion. The cause has now ·been tried upon the merits, and decree entered in favor of the complainant, who, not being satisfied with that decree, as to amount, appeals. The decree provides:

"1. Said defendants shall be charged with the amount of said legacy of $1,000, with interest thereon at the rate of 6 per cent. per annum from the 8th day of May, 1877, to this date, amounting to the sum of $1,947, less the sum of $411, and interest thereon at the rate of 6 per cent. per annum from the date of each separate payment, amounting to the sum of $490.83, and also less $700 in the hands of said defendant Emma A. McIntyre, together with interest on the same from the date of said tender to the present time, amounting to the sum of $82.83.

"2. It is ordered, adjudged, and decreed that said defendants pay to said complainant the sum of $673.34, together with the interest and costs to be taxed, within 30 days from this date; and that said sum is a lien upon the interest of all of said defendants in the real estate described in the bill.

"3. It is further ordered, adjudged, and decreed that said defendant Emma A. McIntyre pay to said complainant, within 30 days from this date, the sum of $700, with interest thereon from this date; that said sum is a lien upon the interest of said defendant Emma A. McIntyre in said real estate."

4. The decree orders a sale of the real estate to pay these several amounts.

Complainant's contention is that the court should have decreed:

1. That defendants be charged with interest at the highest rate they could have obtained for the money, with annual rests, on the $1,000, from May 8, 1877; from the principal and interest thus found to be due on August 30, 1882, to be deducted the sum paid Emma A. McIntyre on that day; in like manner, interest to be computed until the several payments aggregating $411 were made, which should be deducted, and interest computed on the balance to date; the sum thus found to be charged against all the defendants, and the defendant Emma A. McIntyre to be charged in like manner with interest upon

$430 to date, and the sum thus found to be a charge against her.

2. That, if the interest is not to be charged with annual rests, then defendants should pay the highest rate of interest which they might have obtained, and the computation should be made as follows: That interest should be computed from May 8, 1877, to the present date, and from the amount thus found should be deducted $411, interest paid at various times to complainant, and also $430, the amount paid Emma A. McIntyre August 30, 1882; that this is on the supposition that the interest which had accumulated on August 30, 1882, amounted to $430 and over; that if a part of the $430 is, however, principal, then the interest upon so much as is principal should be computed to the present time, added to the $430, and the sum taken from the amount previously found due, less $411; that the amount remaining is the sum to be charged against all of the defendants, and that Emma A. McIntyre should be charged with interest upon the $430, at the same rate, to the present time, and the sum thus found is the amount to be charged against her.

To determine the rights of the parties, it is necessary to state some facts which were made to appear upon the trial. There is no conflict of testimony. At the hearing the defendants and other witnesses were put upon the stand by the complainant. No witnesses were sworn in behalf of the defendants.

It appears that the testator, Joseph Shaw, provided in his will that $1,000 should be paid to Emma A. Shaw (now Emma A. McIntyre), one of the defendants here, in trust for complainant, to be paid her upon her marriage, or upon her attaining the age of 21 years. She is now past 21. Dwight Hunt, the executor named in the will, administered the estate, but did not pay the amount of the legacy. There was some personal estate left by the testator, besides the lands; and the defendants seem to have had full control of the estate, the executor giving no attention to it whatever. The $1,000 was not provided, therefore, to pay

this legacy; but on August 30, 1882, there was placed in the hands of Emma A. McIntyre, by the defendants, the sum of $430, as a part of the legacy. It was also shown that there were paid into the hands of Emma A. McIntyre, for the complainant, several sums of money, aggregating $411, which sums were paid over to the complainant by her as soon as received. These payments commenced September 1, 1888, and ended May 12, 1890, and were in small sums, ranging from $5 to $35, except one payment made in January, 1890, of $213. The $430 which came into Mrs. McIntyre's hands was put out at interest by her, and the principal and interest amounted in March, 1891, to $700, which she tendered to complainant, by whom it was refused. This was after complainant became of age.

The court below decreed that Mrs. McIntyre should pay to the complainant this $700 within 30 days from the date of the decree. Complainant's counsel contend that she should be charged with the interest from the date of the tender, in March, 1891, to the date of the decree. We think not. It is admitted that this was the only amount that came into the hands of Mrs. McIntyre, personally, for the complainant, and the amount which she tendered included the principal, and all interest which she had received upon it.

We think the court, however, was in error in the interest computed against the three defendants jointly. The will provided as follows:

"To my daughter, Emma A. Shaw, $1,000, in trust for my granddaughter, Edith A. McBride; said thousand dollars to be put out at interest by said trustee, and said interest to be added annually to the principal, until said Edith A. McBride shall have attained the age of 21 years."

It was also provided that—

"If at any time during the minority of said Edith A.

McBride, and before her marriage, within that time, said trustee shall consider and believe that it would be for the best interest of said Edith A. McBride to expend any part of said interest for the better education and comfort of said Edith A. McBride, then and in that case said trustee is empowered and shall expend any part of said interest for that purpose in any manner said trustee may think most conducive to that end."

The defendant Emma A. McIntyre was trustee, but no funds came into her hands from the estate, except those above specified. It was held in the former opinion that the other defendants were proper parties, and that an accounting might be had with them. They had the benefit of the estate, with Mrs. McIntyre, and the estate was charged with this legacy. They should therefore jointly account to the complainant for that part of the legacy, and the interest upon it, which was not paid over to Mrs. McIntyre. Mr. Shaw died March 28, 1876. Complainant's counsel do not contend that the amount of the legacy should draw interest, except from May 8, 1877. Interest should be charged upon the $1,000 from that date to August 30, 1882, that being the date when the $430 was paid over to Mrs. McIntyre. The legal rate of interest at that time was 7 per cent, and defendants should be charged with that rate. The time is 5 years, 3 months, and 22 days. The interest would amount to $371.80, which, added to the amount of the legacy, would produce $1,371.80. Deducting the amount paid Mrs. McIntyre, of $430, would leave in the hands of the defendants $941.80, which, including the interest from August 30, 1882, to the date of the decree below,—10 years, 4 months, and 13 days,—at 7 per cent., would amount to $1,635.40. Deducting from this the amount paid over by the defendants into the hands of Mrs. McIntyre, $411, with interest at 7 per cent. from the various times of payment, calling the time about 3 years and 6 months, and the

interest $100.69, making a total deduction of $511.69, would leave $1,123.71 as the amount the complainant should recover against the defendants, jointly, together with the interest on the same from the date of the decree below to the date of payment, over and above her costs of this Court. With this modification the decree of the court below will stand affirmed.

The other Justices concurred.