GLASER'S ELEVATOR & LUMBER CO. v LEE HOMES, INC.

1. TRUSTS—VESTED REMAINDER INTEREST—DEFEASANCE—STATUTES.

A testamentary trust which ends on the death of the income beneficiary, when the testator's children take free of the trust, creates in the children a vested remainder interest in the corpus of the trust subject to defeasance where the pertinent language of the trust instrument provides that the trustee may invade the entire corpus of the estate if necessary to support and provide medical care for the income beneficiary (MCLA 555.17).

2. MORTGAGES—TRUSTS—VESTED REMAINDER INTEREST—DEFEASANCE—STATUTES.

A vested remainder interest in real estate in a trust which is subject to defeasance may be mortgaged because expectant estates are descendable, devisable and alienable, in the same manner as estates in possession, but, if the mortgage is foreclosed, the mortgagee takes only the interest of the mortgagor, which is a vested remainder subject to defeasance (MCLA 554.35).

Appeal from Genesee, Ollie B. Bivins, Jr., J. Submitted October 9, 1975, at Lansing. (Docket No. 22807.) Decided October 28, 1975. Leave to appeal denied, 396 Mich 841.

Complaint by Glaser's Elevator & Lumber Co. against Lee Homes, Inc., Thomas P. Lee, Jacqueline A. Lee, Gladys R. Lee, as trustee of the estate of Walter H. Lee, deceased, Faith Missionary Church, and Citizens Commercial and Savings Bank to foreclose a mortgage. Judgments for defendants. Plaintiff appeals. Affirmed in part, reversed in part.

REFERENCE FOR POINTS IN HEADNOTES
[1] 51 Am Jur 2d, Life Tenants and Remaindermen §§ 25, 26.
[2] (no reference)

*Pelavin, Pelavin & Powers, P. C.,* for plaintiff.

*Bare & Brewer,* for defendant Gladys Lee.

Before: QUINN, P. J., and D. E. HOLBROOK and D. F. WALSH, JJ.

QUINN, P. J. Plaintiff appeals from a partial summary judgment which dismissed defendants Gladys R. Lee, trustee, Faith Missionary Church and Citizens Commercial and Savings Bank, and from the trial court holding that plaintiff's mortgage from Thomas P. Lee and Jacqueline A. Lee, individually and as representatives of Lee Homes, Inc. was null and void.

Walter H. Lee was the husband of Gladys and the father of Thomas whose wife is Jacqueline. By will, Walter left his estate in trust for the benefit of Gladys during her lifetime. Defendant bank was named the trustee and was directed to pay the net income from the trust assets to Gladys monthly. The trustee was empowered to invade the corpus if, in its discretion, that was necessary to provide support or medical care for Gladys. The trustee was authorized to "sell, lease, develop, subdivide or mortgage any item of property in my estate without order from any probate court * * * ".

At the completion of the probate of the will, the only remaining asset of the estate of value was 40 acres of land. The defendant bank petitioned to withdraw as trustee and this petition was granted. September 12, 1967, Gladys was appointed trustee.

The language of the trust pertinent to the issues on appeal is

"(a) To take, receive, and receipt for such residue; to invest whatever funds may be available in real estate, stocks, bonds, land contracts, mortgages or other invest-

ments, and to retain such investments without liability therefor as I own at my death. It is my intention hereby not to limit my trustee to those investments eligible under Michigan law for trustees; to manage my estate, including the payment of all reasonable charges against property in the estate; to sell, lease, develop, subdivide or mortgage any item of property in my estate without order from any probate court, including herein the right to receive proceeds from such hypothecation.

(b) To pay the net income from such trust estate over to my wife, Gladys R. Lee, upon a basis no less often than monthly, for so long as she shall live.

(c) To invade the trust corpus when and if in the sole discretion of the trustee the same is necessary for the purpose of providing support and maintenance or medical care for my wife, Gladys R. Lee.

(d) Upon the death of my said wife, Gladys R. Lee, or in the event she shall predecease me, or should she die pending the administration of my estate, then and in any such event, my executor or trustee, as the case may be, shall pay, if necessary, the expenses of her last illness, and funeral and burial expenses, and distribute the residue of my estate free of the trust herein imposed, to the following named persons: Thomas P. Lee, my son, William B. Lee, my son, Martha E. Zimmer, my daughter, and Virginia G. Burwell, my daughter, share and share alike, the issue of any deceased child to take by right of representation."

Lee Homes was indebted to plaintiff. To provide security for the debt, on November 21, 1966 Thomas and Jacqueline executed a promissory note to plaintiff and a document which purported to mortgage their interest in the 40 acres held by the Lee trust.

In October 1971, trustee Gladys sold five acres of the 40 acres to Faith Missionary Church which mortgaged the five acres to defendant bank. Asserting the impropriety of these transactions,

plaintiff filed this action to foreclose its mortgage. The case was ultimately submitted on briefs for disposition. The trial judge found that the interest of Thomas in the 40 acres was that of a remainderman beneficiary of the trust and that Thomas had no mortgageable interest under MCLA 555.16; MSA 26.66 and *Weaver v Van Akin,* 71 Mich 69; 38 NW 677 (1888).

We do not read the pertinent language of the trust instrument, cited above, as did the trial court. That language created in Thomas, his brother and two sisters a vested remainder interest in the corpus of the trust subject to defeasance if the entire corpus is needed to support and provide medical care for Gladys. The trust ends on the death of Gladys and the four children take "free of the trust". See MCLA 555.17; MSA 26.67.

The vested remainder interest may be mortgaged, MCLA 554.35; MSA 26.35:

"Expectant estates are descendible, devisable and alienable, in the same manner as estates in possession."

Plaintiff's mortgage from Thomas is valid and may be foreclosed. When foreclosure is complete and plaintiff is vested with the interest of Thomas in the trust estate, plaintiff obtains only the interest of Thomas, namely: a one-quarter vested remainder subject to defeasance. Until that time, plaintiff has no claim other than foreclosure and the trustee, Faith Missionary Church and defendant bank were properly dismissed from this action.

Affirmed in part and reversed in part. Plaintiff may recover costs as to Lee Homes, Inc., Thomas and Jacqueline Lee. Defendants Gladys Lee, trustee, Faith Missionary Church and defendant bank may recover their costs from plaintiff.